PEOPLE *v.* TILLARD.

1. CRIMINAL LAW—MOTION TO QUASH.
   A criminal prosecution comes to an end when the court in which it is brought grants a motion to quash all of the proceeding.

2. SAME—DOUBLE JEOPARDY.
   No proceeding in a criminal case can operate as a bar to further prosecution until the accused has been put in jeopardy and that can not occur until he has been placed upon trial.

3. SAME—DEFINITION OF JEOPARDY.
   A person is in jeopardy when he is put upon trial in a court of justice charged with a violation of law.

4. INFANTS—CRIMINAL LAW—JURISDICTION—CONSTRUCTION OF STATUTES.
   In prosecution of boy who was 16 years of age when alleged offense was committed but who was 17 years of age before second information was filed, provisions of section of probate code giving probate court exclusive jurisdiction over proceedings concerning any child under 17 years of age must be construed in connection with section permitting probate court to waive jurisdiction if child is over 15 years of age (Act No. 288, chap. 12a, §§ 2, 4, Pub. Acts 1939, as added by Act No. 54, Pub. Acts 1944 [1st Ex. Sess.], and amended by Act No. 22, Pub. Acts 1946 [1st Ex. Sess.]).

5. SAME—CRIMINAL LAW—JURISDICTION—TRANSFER TO PROBATE COURT.

Provision of probate code requiring that courts other than probate courts transfer pending criminal prosecutions to the probate court when it is ascertained the defendant is under the age of 17 years does not require such a transfer if the child is over 17 years of age at time he is before the other court (Act No. 288, chap. 12a, § 3, Pub. Acts 1939, as added by Act No. 54, Pub. Acts 1944 [1st Ex. Sess.], and amended by Act No. 22, Pub. Acts 1946 [1st Ex. Sess.]).

6. SAME—CRIMINAL LAW—JURISDICTION OF COURTS—AGE AT TIME OF CHARGE.

In determining jurisdiction of a court over a child over the age of 15 years who is charged with crime, it is the age of the child when charged with crime, rather than the child's age when the crime was committed, that is controlling (Act No. 288, chap. 12a, §§ 2–4, Pub. Acts 1939, as added by Act No. 54, Pub. Acts 1944 [1st Ex. Sess.], and amended by Act No. 22, Pub. Acts 1946 [1st Ex. Sess.]).

7. SAME—CRIMINAL JURISDICTION.

One is not charged with a felony under the chapter of the probate code relating to juveniles, until the charge is made in a court having criminal jurisdiction (Act No. 288, chap. 12a, §§ 2–4, Pub. Acts 1939, as added by Act No. 54, Pub. Acts 1944 [1st Ex. Sess.], and amended by Act No. 22, Pub. Acts 1946 [1st Ex. Sess.]).

8. CRIMINAL LAW—CHARGE IS FIRST STEP IN PROSECUTION.

A charge is the first step in the prosecution of a crime, being an accusation in legal form, made in the course of procedure for the apprehension of an offender and his trial before a court of competent jurisdiction.

9. INFANTS—JURISDICTION OF CRIMINAL PROSECUTION—WAIVER.

Where person was over the age of 17 at time when charged with felony, recorder's court had jurisdiction of second prosecution therefor without a waiver from, or transferring the case to, the juvenile division of the probate court, notwithstanding alleged crime was committed when a child was less than 17 years of age and first criminal prosecution which had been commenced while child was 16 years of age had been quashed for lack of jurisdiction (Act No. 288, chap. 12a, §§ 2–4, Pub. Acts 1939, as added by Act No. 54, Pub. Acts 1944 [1st Ex. Sess.], and amended by Act No. 22, Pub. Acts 1946 [1st Ex. Sess.]).

Appeal from Recorders Court of the City of Detroit; Skillman (W. McKay), J. Submitted June 12, 1947. (Docket No. 69, Calendar No. 43,695.) Decided October 13, 1947. Rehearing denied December 3, 1947.

Leo Tillard was charged with robbery while armed. Motion to quash denied. Defendant appeals. Affirmed and remanded.

*Shapero & Shapero, Sidney Cohn,* and *Morton Fisher,* for defendant.

*Eugene F. Black,* Attorney General, *Edmund E. Shepherd,* Solicitor General, *James N. McNally,* Prosecuting Attorney, and *Robert Newton Smiley,* and *Herbert Burdick,* Assistant Prosecuting Attorneys, for the people.

BOYLES, J. The defendant was 16 years of age at the time he is alleged to have committed a felony. He was past 17 at the time when the present criminal proceeding was started against him in the recorder's court of Detroit. The only question for decision is whether the recorder's court has jurisdiction without a waiver from the juvenile division of the probate court. A motion to quash was made in recorder's court, denied, and on leave granted the defendant appeals from the order of denial.

On September 7, 1946, the defendant was arrested on a charge of robbery armed on that date, in the city of Detroit. He was then 16 years of age, and on September 8th was removed to the juvenile detention home. On September 11th a complaint was filed and a warrant issued. On September 23d the defendant became 17 years of age. On October 28th the defendant was arraigned in the recorder's court of Detroit on an information charging said felony,

and his counsel moved to quash all proceedings against him on the ground that the recorder's court had no jurisdiction to try him without a waiver of jurisdiction from the juvenile court. On November 25th said motion to quash was granted. The defendant had not moved to have the proceeding transferred to the juvenile division and this was in legal effect a dismissal of the charge pending against him at that time. On the same date, November 25th, another complaint was filed in recorder's court charging that the defendant, on September 7, 1946, while armed with a dangerous weapon, assaulted one Edwin Sikorski and feloniously took $86 from his person. On this complaint a warrant was then issued. On December 9th an information was filed in recorder's court by the prosecuting attorney charging the defendant with the above offense, the defendant was then arraigned, stood mute, and a plea of not guilty was entered. On December 16th defendant's counsel filed a motion to quash this proceeding on the grounds (1) that the defendant had already been in jeopardy; (2) that he was under the age of 17 years when the offense was committed and no waiver had been obtained from the juvenile court; (3) that proceedings were commenced September 11th while the defendant was 16 years of age and that the recorder's court obtained no jurisdiction at that time or any time thereafter, the necessary waiver not having been procured. On January 9, 1947, the motion to quash was denied and on leave granted, this appeal is taken from the order of denial.

The first proceeding came to an end when the court, on November 25, 1946, granted the motion to quash all that proceeding. The defendant had not yet been placed in jeopardy and there was no bar to the subsequent proceeding.

"The respondents were not in jeopardy until a jury of twelve men should be selected and sworn." *People* v. *Barker*, 60 Mich. 277, 290 (1 Am. St. Rep. 501).

"No proceeding in a criminal case can operate as a bar to further prosecution until the accused has been put in jeopardy, and this can not occur until he has been placed upon trial." *Gaffney* v. *Missaukee Circuit Judge*, 85 Mich. 138, 139.

"A person is in jeopardy when he is put upon trial in a court of justice charged with a violation of law." *People* v. *Powers*, 272 Mich. 303, 307.

The jurisdiction and powers of the juvenile division of the probate court are governed by Act No. 54, Pub. Acts 1944 (1st Ex. Sess.), as amended by Act No. 22, Pub. Acts 1946 (1st Ex. Sess.) (Stat. Ann. 1946 Cum. Supp. §§ 27.3178[598.1]–27.3178[598.28]), which act repealed chapter 12 of Act No. 288, Pub. Acts 1939 (the probate code), governing the jurisdiction and powers of said juvenile division, and in lieu thereof added chapter 12a to said probate code for the same purpose. The provisions of said Act No. 54, as amended (Stat. Ann. 1946 Cum. Supp. §§ 27.3178[598.2]——27.3178[598.4]), which are pertinent to the present case are as follows:

"SEC. 2. Except as provided herein, the juvenile division of the probate court shall have:

"(a) Exclusive original jurisdiction in proceedings concerning any child under 17 years of age found within the county

"(1) Who has violated any municipal ordinance or law of the State of the United States;
*    *    *

"SEC. 3. If during the pendency of a criminal charge against any person in any other court, it shall be ascertained that said person is under the

age of 17 years, it shall be the duty of such other court to transfer such case without delay, together with all the papers, documents, and testimony connected therewith, to the juvenile division of the probate court of the county in which such other court is situated or in which said person resides. * * *

"SEC. 4. In any case where a child over the age of 15 years is accused of any act the nature of which constitutes a felony, the judge of probate of the county wherein the offense is alleged to have been committed may, after investigation and examination, including notice to parents if address is known, and upon motion of the prosecuting attorney, waive jurisdiction; whereupon it shall be lawful to try such child in the court having general criminal jurisdiction of such offense."

The last above quoted section 4 must be read together with the first above quoted part of section 2. Under section 2, the juvenile division is given exclusive original jurisdiction of a child under 17 years of age, who has violated any law of the State. It does not confer exclusive original jurisdiction of a child who is over 17 years of age, who has violated any law of the State. Section 4, as applied to the circumstances of this case, means over 15 and under 17 years of age.

Section 3, above quoted, does *not* require that it shall be the duty of any other court wherein a criminal charge is pending, to transfer the case to the juvenile division, where the child is over 17 years of age. It only makes it the duty of such court to transfer the case to the juvenile division "if during the pendency of a criminal charge * * * it shall be ascertained that said person is under the age of 17 years."

In the case at bar, the defendant was over the age of 17 years when the proceeding in recorder's

court, which he now seeks to have quashed, was begun. The motion to quash was properly denied. The earlier proceeding which was started while the defendant was under 17 years of age, and which was quashed on defendant's motion, has no bearing on the present case.

Counsel for the defendant argue that the jurisdiction of the juvenile division is determined by the date when the offense was committed, not by the date when the defendant is brought into a court of criminal jurisdiction charged with the offense. This question was answered by the Court in *People v. Ross* (1926), 235 Mich. 433, under the original probate court-juvenile division act (Act No. 6, Pub. Acts 1907 [Ex. Sess.], as amended). The effect of the pertinent provision of the law at that time was substantially the same as under the present statute, in so far as this question is concerned. See 3 Comp. Laws 1929, §§ 12834, 12835, 12839. In the *Ross Case, supra,* Mr. Justice Wiest wrote for the Court in the majority opinion, as follows (pp. 440, 442):

"Construction of the juvenile court act is aided by consideration of all of its provisions, and, when this is done, it clearly appears that it is the age of the child when charged in a criminal proceeding with a felony rather than his age at the time of the commission of a felony that is contemplated. * * *

"The learned circuit judge accepted the act of 1923 as it reads, and held the language that, in any case where a child over the age of 15 years is charged with a felony, the judge of probate may waive jurisdiction, contemplates the age at the time of the charge in a court of criminal jurisdiction, and not the age at the time of committing the felony. The circuit judge was right."

As presently worded, section 2 of the act refers to any child under 17 "who has violated any : *    *    *. law of the State;" section 3 provides for transfer to the juvenile division if "during the pendency of a criminal *charge*," it shall be ascertained that the person is under 17 years of age; section 4 refers to any case where a child over 15 "is *accused* of any act the nature of which constitutes a felony."

"One is not in law charged with a felony, within the meaning of this statute, until the charge is made in a court having criminal jurisdiction. *.  *    *

"A charge is the first step in the prosecution of a crime; it is an accusation in legal form, made in the course of procedure for the apprehension of an offender and his trial before a court of competent jurisdiction." *People* v. *Ross, supra,* pp. 443, 444.

The defendant was over the age of 17 years when charged with, or accused of, a felony, in the recorder's court, and the recorder's court had jurisdiction without a waiver from, or transferring the case to, the juvenile division.

The order denying the motion to quash is affirmed and the case remanded.

CARR, C. J., and BUTZEL, BUSHNELL, SHARPE, REID, NORTH, and DETHMERS, JJ., concurred.