PEOPLE *v.* KAMISCHKE.

1. CRIMINAL LAW—IMPARTIAL JURY.
   One charged with crime is entitled to a fair and impartial trial by an impartial jury who had no preconceived opinions of guilt or innocence of the accused.

2. SAME—FRESH PANEL OF JURORS—TWO TRIALS WITH SAME ISSUES.
   The defendant in the second trial is entitled to another panel of jurors to try his case, where two criminal cases are tried involving the same issues.

---

REFERENCES FOR POINTS IN HEADNOTES

[1] 21 Am Jur 2d, Criminal Law §§ 221, 222, 234–240.
[2] 21 Am Jur 2d, Criminal Law § 221; 31 Am Jur, Jury §§ 7–11, 17.
[3] 31 Am Jur, Jury § 11; 21 Am Jur 2d, Criminal Law §§ 221, 222.
[4] 20 Am Jur 2d, Courts § 64; 21 Am Jur 2d, Criminal Law § 218; 53 Am Jur, Trial §§ 34, 35; 16 Am Jur 2d, Constitutional Law § 555.
[5] 31 Am Jur, Jury §§ 11, 17.
[6] 21 Am Jur 2d, Criminal Law §§ 221, 222, 241.
[7] 21 Am Jur 2d, Criminal Law §§ 221, 222; 31 Am Jur, Jury §§ 11, 17, 146, 148, 151, 154, 156.

3. SAME—IMPARTIAL JURY—CONSTITUTIONAL LAW.

   The *impartial jury* guaranteed by constitutional provisions is one which is of impartial frame of mind at the beginning of trial, is influenced only by legal and competent evidence produced during trial, and bases its verdict upon evidence connecting defendant with the commission of the crime charged (Const 1908, art 2, § 19; Const 1963, art 2, § 20).

4. TRIAL—CONSTITUTIONAL RIGHTS.

   All trial courts are under obligation to guard and enforce the personal rights secured by State and Federal Constitutions.

5. CRIMINAL LAW—SECOND TRIAL—VOIR DIRE—QUALIFICATIONS OF JURORS.

   *Voir dire* record in second criminal trial, which occurred on the day following first trial on charge of uttering and publishing a forged instrument, both forgeries being of the same type of checks, stolen from the same place and with identical payees, *held,* insufficient to show qualifications or impartiality of such second panel to sit, where it does appear some had sat on jury in trial in first case, a number of witnesses were the same in both trials, and record of second *voir dire* fails to show answers made or instructions to such jurors by trial court of any discernible method of replying to the *voir dire* questions (CL 1948, § 750.249; GCR 1963, 511.4 [3], [4], [5], [7], [8]).

6. CONSTITUTIONAL LAW—CRIMINAL LAW—IMPARTIAL JURY.

   The Constitution accords the right to one accused of crime to a speedy and public trial by an impartial jury (Const 1908, art 2, § 19; Const 1963, art 2, § 20).

7. CRIMINAL LAW—IMPARTIAL JURY—VOIR DIRE.

   Criminal defendant should not be charged on appeal with the failure of those charged with the responsibility of providing him with a public trial by an impartial jury, where no challenges were made to jurors who had sat on another case with same issues the previous day, and no record was made of jury answers to the *voir dire* (Const 1908, art 2, § 19; Const 1963, art 2, § 20).

Appeal from Bay; Smith (Richard G.), J. Submitted Division 3 January 5, 1966, at Lansing. (Docket No. 664.) Decided May 11, 1966.

Otto Kamischke was convicted of uttering and publishing. Defendant appeals. Reversed and remanded.

*Frank J. Kelley*, Attorney General, *Robert A. Derengoski*, Solicitor General, *Martin B. Legatz*, Prosecuting Attorney, and *James G. Orford*, Assistant Prosecuting Attorney, for the people.

*Thomas P. Patterson*, for defendant.

McGREGOR, J. Defendant Kamischke was charged with uttering and publishing a forged instrument. CL 1948, § 750.249 (Stat Ann 1962 Rev § 28.446). Defendant was arrested at a bar with Edward Maliszewski who was charged with a separate offense of uttering and publishing a forged instrument. Each of the men was charged with passing a different one of a group of the same type of checks, stolen from the same place and with the identical payees and forged signatures. The offenses charged occurred at different times and places.

At defendant Kamischke's trial, the jury included six members of the jury which had heard the trial of Maliszewski on the previous day. This defendant was brought into the trial of Maliszewski both by name and reference.[1] The jury found Maliszewski guilty. The evidence in the Maliszewski trial implied a scheme involving Kamischke.

The trial judge and the prosecuting attorney knew that some of the jurors had heard the previous day's trial. The trial court, in his *voir dire* of the proposed jury, after a juror had stated, "we sat yesterday," replied in part, "That was a completely different case yesterday. That has nothing to do with

---

[1] Six witnesses were common to both trials.

this matter." The *voir dire* record does not indicate
any answers by the proposed jurors touching upon
their qualifications or impartiality to sit as such
jurors, or any instructions to such jurors by the
trial court of any discernible method of replying to
the *voir dire* questions. GCR 1963, 511.4(3), (4), (5),
(7), (8). On two further occasions, such jurors volun-
teered the information that they had served on the
previous day's trial; defense counsel did not make
any challenges to such jurors, although he ques-
tioned them as to prejudice or bias against Mr.
Kamischke due to hearing his name mentioned the
day before in a similar case. The jurors who re-
plied disclosed no bias.

From his conviction, this defendant appeals, alleg-
ing among other claimed errors that his Federal and
State constitutional rights to a trial by an impartial
jury were violated.

Did the statements of these proposed jurors indi-
cate their manifest concern with being unable to
ignore the incriminating evidence of the previous
day's trial and thereby be biased against the defend-
ant, or have a positive opinion of the facts?

In *People* v. *Troy* (1893), 96 Mich 530, defendant
was convicted of the crime of assault with intent
to do great bodily harm less than the crime of
murder.[2] It appears that on the night in question
one Flanders and one Ottobein were engaged in a
street fight, when a police officer appeared and ar-
rested Flanders. While the officer was arresting
Flanders, defendant Troy threw a stone and struck
the officer. Defendant Troy was arrested, tried and
convicted. During the same term in which defend-
ant was brought to trial, seven of the jurors who
sat in Flanders' trial were permitted, under objec-

[2] See currently CL 1948, § 750.84 (Stat Ann 1962 Rev § 28.279).—
REPORTER.

tion, to sit in the case against Troy. In reversing the conviction, the Supreme Court said (p 537):

"We think, however, that the court erred in permitting the jurors who sat in the Flanders case to sit in the present. The facts are nearly identical, and must necessarily have all been called forth in the Flanders trial. The jury in that case must have considered them, and reached some opinion as to the merits of the controversy in the present case. The respondent was entitled to a fair and impartial trial by an impartial jury, who had no preconceived opinions of his guilt or innocence. We are aware that some English and American authorities hold that jurors who have sat in one case are not disqualified from sitting in a case against another joint respondent, who has taken a separate trial, and involving the same set of facts. We are not inclined to follow that doctrine. Where the issue is the same in both cases, it is but fair to the respondent that he have another panel of jurors to try his cause.

"For this reason the verdict must be set aside and a new trial ordered."

In *People* v. *DeHaven* (1948), 321 Mich 327, 334, we find the words "impartial jury" again commented upon:

"The right to be tried by an impartial jury is a constitutional guaranty.[3] We find ourselves in harmony with the meaning of that term as quoted from 20 Words and Phrases (Perm ed), p 191,[4] in *Durham* v. *State,* 182 Tenn 577 (188 SW2d 555, 160 ALR 746):

" ' "The 'impartial jury' guaranteed by constitutional provisions is one which is of impartial frame of mind at the beginning of trial, is influenced only

[3] The Court was interpreting Const 1908, art 2, § 19.—REPORTER.

[4] See, currently, 20 Words and Phrases (1959 perm ed), Impartial Jury, p 293.—REPORTER.

by legal and competent evidence produced during trial, and bases its verdict upon evidence connecting defendant with the commission of the crime charged, and further, 'consists of twelve impartial men' " ' ".

It is noted that the prosecuting attorney, in his brief filed herein, did not give any legal citations of authority to sustain the legality of the conviction of the defendant herein.

While the paucity of direct authority on the question of judicial duty to protect the constitutional right of an accused to a trial by an impartial jury is noted, it is also recognized that in many instances the failure of defense counsel to do so loses such right for his client. It may be asked, how can a defense counsel challenge a juror who makes no perceivable answer to *voir dire* or how can an appellate court make a determination that the defendant's constitutional guaranty of a trial by an impartial jury was protected where there is no record of jury answers to the *voir dire*. It should be apparent in the trial record that the "impartial jury" guaranteed by our Constitution is a jury with an impartial frame of mind at the beginning of the trial and one that bases its verdict only on legal and competent *evidence produced, during the trial,* connecting the defendant with the commission of the crime charged. The contrary is portended.

All trial courts are under some obligations to guard and enforce the personal rights secured by our State and Federal Constitutions. Constitution 1963, art 1, § 20 and Constitution 1908, art 2, § 19, accord the right to one accused of crime to a speedy and public trial by an *impartial jury*. The ineptitude of those charged with the responsibility of providing one accused of crime to a public trial by an impartial jury should not be charged to the

accused. There was a violation of the defendant's constitutional right to a trial by an impartial jury.

Judgment is reversed and the cause remanded for a new trial.

T. G. KAVANAGH, P. J., and BURNS, J., concurred.