PEOPLE v PRIBBLE

Opinion of the Court

1. Constitutional Law—Double Jeopardy—Retrial—Manifest Necessity.

Retrial of a defendant who has been placed in jeopardy can be justified only where there is manifest necessity for the retrial.

2. Criminal Law—Jeopardy—Jury—Oath to Jurors—Appeal and Error.

A defendant in a criminal trial is in jeopardy only after the jury has been properly impaneled and sworn because any action by an unsworn jury would be void and the defendant would have the right to have any conviction resulting from a nonsworn-jury trial overturned on appeal.

3. Constitutional Law—Criminal Law—Due Process—Mistrial—Retrial—Oath to Jurors—Case Precedent.

A defendant's due process rights were not violated by a trial court declaring a mistrial and ordering a retrial where the trial was started without the jury having been sworn and where the judge was faced with case precedent indicating that the actions of an improperly impaneled and sworn jury were void *ab initio* and the defendant failed to object to the granting of a mistrial.

Dissent by T. M. Burns, J.

4. Constitutional Law—Criminal Law—Jeopardy—Jury—Oath to Jurors.

*The failure to swear in a jury did not prevent jeopardy from attaching in a case where all other incidents of trial were present, a jury was impaneled, and the prosecutor's case was presented.*

References for Points in Headnotes

[1] 21 Am Jur 2d, Criminal Law §§ 173, 179, 209, 211–216.
[2, 4] 21 Am Jur 2d, Criminal Law § 176.
[3] 21 Am Jur 2d, Criminal Law §§ 220–228.
[5] 75 Am Jur 2d, Trial § 72 *et seq.*
[6, 7] 47 Am Jur 2d, Jury §§ 339–345.

5. Criminal Law—Jury—Dismissal of Jury—Discretion of Trial Court—Extraordinary and Striking Circumstances—Legal Necessity.

A trial court's discretion to dismiss a jury in a criminal action should be exercised only in very extraordinary and striking circumstances; a mere error of law or procedure does not constitute a legal necessity to dismiss the jury.

6. Criminal Law—Jury—Oath to Jurors—Discretion of Trial Court—Mistrial.

Failure to swear in a jury before the prosecutor submits his proofs is not a very extraordinary and striking circumstance which clearly prejudices one of the parties; therefore, it was an abuse of the trial court's discretion to declare a mistrial and order a retrial of a defendant because the jury had not been sworn.

7. Jury—Oath to Jurors—Jury Deliberations—Court Rules—Statutes.

Neither court rules nor statute require that a jury be sworn prior to deliberation.

Appeal from Gratiot, Leo W. Corkin, J. Submitted October 7, 1976, at Grand Rapids. (Docket Nos. 25738–25740.) Decided November 9, 1976.

William J. Pribble was convicted of escape from prison with violence, assault with intent to do great bodily harm less than murder, and unauthorized driving away of a motor vehicle. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, and *Richard Gay,* Prosecuting Attorney (Prosecuting Attorneys Appellate Unit, *Keith D. Roberts,* Assistant Attorney General, of counsel), for the people.

*Goggin, Baker* and *Beauchamp,* for defendant.

Before: R. B. Burns, P. J., and D. E. Holbrook and T. M. Burns, JJ.

D. E. HOLBROOK, J. Defendant appeals as of right from his July 23, 1975, jury conviction of the following crimes: (1) escape with violence, MCLA 750.193; MSA 28.390, (2) assault with intent to do great bodily harm less than murder, MCLA 750.84; MSA 28.279, and (3) unauthorized driving away of a motor vehicle, MCLA 750.413; MSA 28.645. On August 11, 1975, defendant was sentenced to a term of from 32 months to 4 years on the escape charge, to be served subsequent to defendant's prior life imprisonment sentence, a concurrent term of 6 to 10 years for the assault charge and a concurrent term of from 3 to 5 years on the automobile charge.

The matter was originally scheduled for trial on January 29, 1975. Due to pretrial publicity it was impossible to empanel a jury, therefore the matter was transferred to a different county. The trial was next scheduled for May 21, 1975. Again, the prosecutor, defendant, defense counsel and all witnesses appeared for purposes of trial. A jury was "seated". All witnesses but one for the prosecution were called, examined and cross-examined. The trial was recessed for lunch. Apparently during this break, the judge discovered that the jury had not been given its oath prior to commencement of the proceedings.

On its own motion the court then indicated the following:

"Well, ladies and gentlemen, I guess this case was progressing all too rapidly. I—Part of the procedure of trial is that after you're sworn out there, you are—also have to be sworn to try the case.[1] This was not done. I'm going to have to declare a mistrial on this case and you will be dismissed from serving on this particular case. That's all. Thank you very much."

---

[1] Apparently the "oath to jurors upon examination on voir dire" was given. However, the "oath to jurors upon acceptance" was not. *See* 2 Gillespie, Michigan Criminal Law & Procedure, (2d ed), § 564, p 718.

Upon declaration of the mistrial by the trial judge, defense counsel indicated that he wanted the record to reflect that the granting of the mistrial was done on a motion of the court and not on motion of the defense or prosecution. Defense counsel did not object, however, to granting a mistrial.

On June 27, 1975, defense counsel filed a motion for dismissal of the charges against the defendant, alleging that the prior proceedings had placed defendant in jeopardy and that further proceedings would be in violation of defendant's constitutional rights. This motion for dismissal was denied. Defendant was then tried and convicted. Defendant appeals.

## I

Defendant relies on the prohibition against double jeopardy[2] to bar his subsequent conviction after a mistrial in his first trial on three charges. Defendant's contention is that the mistrial was not required by circumstances of "manifest necessity" and that, therefore, justice does not allow reprosecution. *United States v Perez,* 22 US (9 Wheat) 579; 6 L Ed 165 (1824), *United States v Jorn,* 400 US 470; 91 S Ct 547; 27 L Ed 2d 543 (1971), *Illinois v Somerville,* 410 US 458; 93 S Ct 1066; 35 L Ed 2d 425 (1973), *People v Grimmett,* 388 Mich 590; 202 NW2d 278 (1972). For over 150 years, the courts have recognized that once jeopardy attaches only "manifest necessity" will justify retrial. *United States v Perez, supra.* In the instant case, however, there is doubt as to whether jeopardy ever attached.

---

[2] US Const, Am V; 1963 Const, art 1, § 15. Scope of the law is apparently the same under both the Michigan and the United States Constitutions. *People v Alvin Johnson,* 396 Mich 424, 430 n 2; 240 NW2d 729, 733 (1976).

Early Michigan authority held that a fully qualified jury was essential for jeopardy to attach. *People v Parker,* 145 Mich 488, 500; 108 NW 999 (1906). This ruling has remained undisturbed through the years. More recent authority has also indicated that jeopardy attaches when the jury is impaneled and sworn. *People v Gardner,* 37 Mich App 520; 195 NW2d 62 (1972), *People v Henley,* 26 Mich App 15; 182 NW2d 19 (1970), *People v Schepps,* 231 Mich 260; 203 NW 882 (1925), *People v Tillard,* 318 Mich 619; 29 NW2d 111 (1947), *People v Anglin,* 6 Mich App 666; 150 NW2d 532 (1967). See, also, *United States v Jorn, supra.* In the instant case, the precise reason that the trial court directed *(sua sponte)* a mistrial is because the jury was not sworn. Its subsequent acts would apparently be void and no jeopardy could attach. Both statute and court rule provide for jury oath. MCLA 768.14; MSA 28.1037 provides:

"The following oath *shall* be administered to the jurors for the trial of all criminal cases: 'You shall well and truly try, and true deliverance make, between the people of this state and the prisoner at bar, whom you shall have in charge, according to the evidence and the laws of this state; so help you God.' " (Emphasis added.)

GCR 1963, 511.7 provides:

"The jury *shall* be sworn by the clerk substantially as follows:
" 'You and each of you do solemnly swear (or affirm) that you will well and truly try the issues joined in the cause now here pending, and, unless discharged by the court, a true verdict render; and that you will do so solely on the evidence introduced and in accordance with the

instructions of the Court; so help you God.' "[3] (Emphasis added.)

The required oath is not a mere "formality" which is required only by tradition. The oath represents a solemn promise on the part of each juror to do his duty according to the dictates of the law to see that justice is done. This duty is not just a final duty to render a verdict in accordance with the law, but the duty to act in accordance with the law at all stages of trial. The oath is administered to insure that the jurors pay attention to the evidence, observe the credibility and demeanor of the witnesses and conduct themselves at all times as befits one holding such an important position. The oath is designed to protect the fundamental right of trial by an impartial jury.

" 'The right to be tried by an impartial jury is a constitutional guaranty. We find ourselves in harmony with the meaning of that term as quoted from 20 Words and Phrases (Perm ed), p 191 [1959 Perm ed, p 293], in *Durham v State,* 182 Tenn 577[584] (188 SW2d 555; 160 ALR 746) [1945]:

" ' " 'The "impartial jury" guaranteed by constitutional provisions is one which is of impartial frame of mind *at the beginning of trial,* is influenced only by legal and competent evidence produced during trial, and bases its

---

[3] The committee notes for GCR 1963, 511 provide as follows:

"The form suggested in sub-rule 511.7 combines the features of the forms suggested in Callaghan's Michigan Pleading and Practice, § 38.38 (1947), Iowa Rules of Civil Procedure, § 187(i), the form used in Florida (see 7 Miami L.Q. 148 [1953]), and the form prescribed for criminal cases in 1948 CL 768.14; MSA 28.1037. It is more intelligible to the juror than any of the other forms considered, and gives a plain spoken admonition to decide the case on the evidence and according to the instructions of the court. The statutory form now prescribed by [MCLA 768.14] MSA 28.1037 is based on the oath at English common law (see Thompson and Merriam, Juries, § 289 [1882]), and is more ritualistic than meaningful as far as the juror is· concerned." 2 Honigman & Hawkins, Michigan Court Rules Annotated (2d ed), p 463.

verdict upon evidence connecting defendant with the commission of the crime charged, and further, "consists of twelve impartial men" ' " '." *People v Kamischke,* 3 Mich App 236, 240–241; 142 NW2d 21, 23 (1966), quoting from *People v DeHaven,* 321 Mich 327, 334; 32 NW2d 468 (1948). (Footnotes omitted.) (Emphasis added.) .

An oath is any form of attestation by which a person is bound in conscience to perform an act faithfully and truthfully. 58 Am Jur 2d, Oath and Affirmation, § 3, p 844. See, also, 67 CJS, Oaths and Affirmations, § 1, p 4. The jury has a continuing duty. The Legislature, by statute, and the courts, by court rule, have provided for such an oath for jurors. The Supreme Court of Iowa has observed:

"The authorities recognize various kinds of oaths, among which are the oath taken by a witness, the oath of an affiant to attest the truth of a writing, and the qualifying oath, juramentum promissionis, such as the one here in question, which is a pledge or promise, taken by one chosen to perform some duty. * * *

" ' "All the authorities agree that the failure to take this oath (oath required by the statute) in substantially the form prescribed by law renders all the proceedings invalid * * * "." " *Miller v Palo Alto Board of Supervisors,* 248 Iowa 1132, 1134; 84 NW2d 38, 39 (1957).

See, also, 58 Am Jur 2d, New Trial, § 36, p 224, which states: "It is essential, in the orderly procedure in a case to be tried before a jury, that the jury be duly sworn, and the failure in a criminal prosecution to swear the jury is regarded as a fatal defect."

It is apparent that had this trial proceeded to conclusion without a properly impaneled and sworn jury, any resulting conviction would have been invalid. Defendant would have had the right to have any conviction resulting from a nonsworn-jury trial overturned on appeal. Jeopardy could not attach in

the instant case where the jury was not given the oath which would authorize them to serve as a jury.

## II

The conviction cannot be overturned on strict double jeopardy grounds. An analagous argument can be made using the due process clause, US Const, Am XIV; Const 1963, art 1, § 17, as the basis for such a contention. Although jeopardy did not technically attach, it could be argued that it is fundamentally unfair to put defendant through a trial twice even though jeopardy did not technically attach. Defendant does point out that our Supreme Court has held:

"The purpose behind the double jeopardy provision of the Fifth Amendment was stated by the United States Supreme Court in *Green v United States,* 355 US 184, 187–188; 78 S Ct 221 [223]; 2 L Ed 2d 199 [204] (1957), as follows:
" '[T]he State with all its resources and power should not be allowed to make repeated attempts to convict an individual for an alleged offense, thereby subjecting him to embarrassment, expense and ordeal and compelling him to live in a continuing state of anxiety and insecurity, as well as enhancing the possibility that even though innocent he may be found guilty.' " *People v Grimmett,* 388 Mich 590, 597; 202 NW2d 278, 281 (1972). (Footnotes omitted.)

See, also, *People v Gardner, supra.* In *Illinois v Somerville, supra,* the Court reiterated that manifest necessity will allow retrial where the mistrial in the original trial was required because of a defective indictment. The indictment in *Somerville* was tainted by a defect which was not capable of being cured under state law. The Court decided that retrial was not barred on double jeopardy grounds.

"But where the declaration of a mistrial implements a reasonable state policy and aborts a proceeding that at best would have produced a verdict that could have been upset at will by one of the parties, the defendant's interest in proceeding to verdict is outweighed by the competing and equally legitimate demand for public justice." *Illinois v Somerville, supra,* 410 US at 471; 93 S Ct at 1074; 35 L Ed 2d at 435.

The principles of *Illinois v Somerville* are at least equally applicable here. In *Somerville,* the error in the indictment was attributable to prosecutorial mistake. In the instant case, the mistake was the trial court's. Neither party should be penalized because of the trial court's error, absent a showing of some prejudice to the other party.

Furthermore, when the mistake was discovered, the trial judge herein was faced with precedent which indicated that an improperly sworn jury would void any action taken by the jury. Therefore, no reason was seen to continue the trial. The defendant did not object, he only wanted the record to indicate it was not his motion. Therefore, defendant sat happily on the fence. If the trial court continued the trial and he was convicted he had solid grounds for reversal. If the trial was dismissed, defendant could raise double jeopardy arguments. Evidently defendant did not want his actions to be construed as a waiver of any rights. See *People v Alvin Johnson,* 396 Mich 424; 240 NW2d 729 (1976).

After the fact, and after considerable research by the parties and the Court, some authority has indicated that it *may* have been permissible to continue the trial in the instant case. 58 Am Jur 2d, New Trial, § 36, p 224, and authorities cited therein, indicates that a defendant may waive a defectively

sworn jury.[4] Therefore, it is possible that the parties
and the court could have agreed to swear in the jury
at the time the defect was discovered and continue
the trial. If the parties could not agree to this then
the trial court could not have continued the trial.
The defect should not be correctable without the
consent of all. At the same time, if consent is not
obtained then a new trial should be allowable since
the defendant has never been in jeopardy. If the
proceedings continued *over defendant's objection,*
he would have had absolute grounds for reversal for
violation of his right to trial by jury. However, no
one suggested this and the court was faced with
Michigan precedent indicating that actions of an
improperly impaneled and sworn jury were void *ab
initio.* This would strongly indicate that swearing in

[4] The only authority which could be found that indicates that an
incorrectly sworn jury may be waived is the ancient case of *Owners of
the Ship Milwaukie v Hale,* 1 Doug 306, 313 (1844), where the Court
states:

"Another objection urged by the plaintiffs to this record, is that the
swearing of the jury is not well set forth. The entry in the record is, that
they were 'duly elected, tried and sworn.' It is insisted that it ought to
appear that they were sworn 'well and truly to try the issue,' etc., joined
between the parties.

"It is also objected that it is not alleged in the record, that the *tales-
men* called and sworn upon the jury had the qualifications of jurors.

"To the first of these objections it may be answered that it, in fact,
goes only to the form of the clerk's entry, and under our statute may be
amended, if need be, after error brought, in affirmance of the judgment:
*R.S.,* 461–2.

"As to the objection that the *talesmen* are not alleged to have had the
requisite qualifications, it is sufficient to say that we will presume after
verdict, no challenge having been taken upon that ground, that none
but qualified persons were called and sworn.

"It may be well said, too, that both these objections—the want of
qualifications in the *talesmen,* if there had been any in fact, and the
irregular oath administered to the jury, if in truth it was irregular—
were waived by the party's going to trial on the merits; and so are the
cases."

The most that can be said for this authority is that it is obiter dictum to
the effect that one may waive his objection to an improperly sworn jury.
Whether this is authority that one may waive his objection to a jury
*never sworn* is doubtful. *See,* for example, *Lumsden v Milwaukee,* 8 Wis
485, 486 (1859), holding that the administration of an oath is an indis-
pensible requisite to the formation of a legal hearing.

during trial would be to no avail. Defendant failed to object to granting a mistrial. There is no due process violation under these circumstances.

Although speaking of double jeopardy protection, the Court's wisdom announced in an opinion over 150 years ago is equally applicable to the due process challenge. "The law has invested Courts of justice with the authority to discharge a jury from giving any verdict, whenever, in their opinion, taking all the circumstances into consideration, there is a manifest necessity for the act, or the ends of public justice would otherwise be defeated." *United States v Perez,* 22 US (9 Wheat) 579, 580; 6 L Ed 165 (1824). See, also, *Gori v United States,* 367 US 364; 81 S Ct 1523; 6 L Ed 2d 901 (1961), *Illinois v Somerville, supra.*

The ends of public justice should authorize the trial court's action herein. The court acted in the best interest of both parties in declaring a mistrial preventing unnecessary delay, expense and inconvenience by ending a trial which, for all practical purposes, appeared doomed from the start. Had the trial continued with an improperly impaneled jury, its actions, absent cure of the defect, would have been invalid. Although there is a possibility that the parties could have stipulated to curing the defect and continuing the trial, this was not discussed. Defendant did not object to the mistrial, although *People v Alvin Johnson, supra,* indicates this is not a waiver of double jeopardy rights. It is relevant, however, in determining whether defendant was denied due process of law. It is also relevant in this case for determining whether manifest necessity compelled a mistrial. We hold that defendant was not denied due process of law. In the instant case, using traditional double jeopardy precedent, it is apparent that even had jeopardy attached manifest necessity principles would have upheld the direction of a mistrial

where the trial court discovered that the jury had not been given its oath. There was no denial of due process of law. The trial court was acting within the interest of the parties, and of justice, in declaring a mistrial in the instant case. Therefore, the retrial and resulting conviction were proper.

Affirmed.

R. B. Burns, P. J., concurred.

T. M. Burns, J. *(dissenting)*. It is agreed that the basic premise upon which the constitutional protection against double jeopardy is based is that the state "should not be allowed to make repeated attempts to convict an individual for an alleged offense, thereby subjecting him to embarrassment, expense and ordeal and compelling him to live in a continuing state of anxiety and insecurity". *Green v United States,* 355 US 184, 187; 78 S Ct 221, 223; 2 L Ed 2d 199, 204 (1957). Accord, *People v Alvin Johnson,* 396 Mich 424; 240 NW2d 729 (1976). Thus, the rule is stated, once a defendant has been placed in jeopardy, the state may not again bring the defendant to trial unless he consents to the interruption of the trial or a mistrial occurs because of manifest necessity. *People v Alvin Johnson, supra,* at 431. A defendant is placed in jeopardy once he is put to trial before the trier of fact. In a jury trial, jeopardy attaches when the jury is impaneled and sworn. *United States v Jorn,* 400 US 470; 91 S Ct 547; 27 L Ed 2d 543 (1971). The majority thus concludes that, in a jury trial, swearing of the jury is a condition precedent to the attachment of jeopardy. But if it is agreed that the purpose of the double jeopardy rule is to protect the individual from having to experience the personal anxieties and hardships of a criminal trial more than once for the same offense, the rules concerning when jeopardy attaches are little

more than lines of demarcation indicative of the point at which a defendant is put to the rigors of a trial.

The majority cite *People v Parker,* 145 Mich 488; 108 NW 999 (1906), for the rule that a qualified jury is essential to constitute jeopardy. The Court in *Parker* addresses the power of a trial court to discharge a jury without prejudice to a new trial where it is determined that a juror has become disqualified because of corruption or prejudice. The ultimate ruling in that case in fact rested upon the proposition stated by Justice COOLEY in *People v Jones,* 48 Mich 554, 555; 12 NW 848 (1882), that where a jury has been impaneled and the prosecution has presented its case, if the jury is discharged without a verdict being given and without any overruling necessity, the defendant must be discharged. *Parker* in no way addresses the question of the swearing of the jury.

I would hold that failure of the jury to be sworn did not prevent jeopardy from attaching in this case as all the other incidents of trial were present, a jury was impaneled and the prosecutor's case was presented. The remaining question is whether dismissal of the jury was prompted by manifest necessity as defendant clearly did not consent to the mistrial.

"[I]n all cases of this nature, the law has invested Courts of justice with the authority to discharge a jury from giving any verdict, whenever, in their opinion, taking all circumstances into consideration, there is manifest necessity for the act, or the ends of public justice would otherwise be defeated. They are to exercise a sound discretion on the subject, and it is impossible to define all the circumstances, which would render it proper to interfere. To be sure, the power ought to be used with the greatest caution, under urgent circumstances, and for very plain and obvious causes." *United States v Perez,* 22 US (9 Wheat) 579, 580; 6 L Ed 165 (1824).

In *People v Alvin Johnson, supra,* at 434, the Court recognized that a mere error of law or procedure does not constitute legal necessity and that the trial court's discretion to dismiss the jury should be exercised only in "very extraordinary and striking circumstances". Failure to swear the jury before the prosecutor submits his proofs is not a "very extraordinary and striking circumstance" which clearly prejudices one of the parties. Neither court rule GCR 1963, 511.7 nor the statute MCLA 768.14; MSA 28.1037 requires that the jury be sworn prior to deliberation. I find and the majority cites no authority for the proposition that failure to swear the jury before any evidence is taken is error of any kind. When the trial judge discovered his error in the instant case, he could have sworn the jury and continued the trial. I find a clear abuse of discretion on the part of the trial court in *sua sponte* declaring a mistrial. This error was accentuated by the fact that neither of the parties were consulted by the trial court before the trial was ended. The defendant was clearly denied the right to inform the court of "factors which are germane to his interests in the trial's continuation". *People v Gardner,* 37 Mich App 520, 536; 195 NW2d 62 (1972).

I would reverse the conviction.