### ASHBAUGH v. EDGECOMB.

An illegal discharge, by the Court, of a jury in a civil case, does not work a discontinuance of such case.

A final adjournment of the Court, at the close of a term, operates to discharge a jury then in possession of a cause.

*Thursday, December 15.*

APPEAL from the *Lagrange* Court of Common Pleas.

WORDEN, J.—Suit by appellee against appellant, to recover the value of certain wheat. Trial, and verdict for the plaintiff; motion in arrest overruled, and judgment.

The appellant assigns three errors; the first of which relates to the ruling of the Court on the admission of evidence. We shall not further notice it, as there was no motion for a new trial, and the motion in arrest affirms the verdict. *Anthony* v. *Lewis*, 8 Ind. R. 339.

The second and third errors assigned are, that the Court erred in impanneling a jury and trying the action by it, when a jury, formerly impanneled to try it, remained impanneled and undischarged, deliberating on their verdict;

and in refusing to arrest the judgment. These two assign-
ments are predicated upon the same facts, and will be con-
sidered together.

It appears by the record, and a bill of exceptions, that on
*Thursday*, the fourth day of the *February* term of the Court,
1858, at about 8 o'clock in the evening, the cause was sub-
mitted to a jury, who retired to deliberate, with directions
to seal up their verdict, and bring it into Court the next
morning, at 9 o'clock. In the meantime, the Court stood
adjourned until the next morning. On the next morning,
before the calling of the Court, the judge of the Court dis-
charged the jury without the consent of the defendant or
his attorney, and in their absence, the jury representing to
the judge that they were unable to agree upon a verdict.
The cause stood continued until the next term, at which
time the defendant objected to proceeding to the trial of the
cause until the jury, impanneled at the last term, should be
legally discharged; but the objection was overruled, and a
jury impanneled, and the cause tried.

It is insisted that the judge of the Court, after the Court
had adjourned in the evening, and before the sitting thereof
in the morning, had no right whatever to discharge the
jury. We need not determine whether the judge of a
Court might not have the right, under such circumstances,
to discharge a jury, as, admitting the discharge of the jury
to have been unauthorized by law, and wrong, still, in our
opinion, such discharge does not work a discontinuance of
the cause, nor prevent the impanneling of another jury to
try it. To take the strongest view of the question in favor
of the appellant, and suppose the act of the judge, in dis-
charging the jury, to have been wholly unauthorized and
void, the case would stand as if the jury, of their own vo-
lition, had dispersed and not returned, having rendered no
verdict. In such case it cannot be doubted but that the
Court would have the right at the next term to impannel
another jury, and proceed with the trial. Thus in *Harris*
v. *Doe*, 4 Blackf. 369, a jury was impanneled, who, having
heard a part of the testimony, was, by consent of parties,
suffered to disperse, during an adjournment of the Court,

over night.   On the next morning one of the jurors failed to appear, whereupon the Court discharged the jury, and caused another to be immediately impanneled, and the trial to proceed.   Held, no error.   But in the case at bar, the jury were legally discharged when the Court adjourned for the term, if not by the order of the judge.   A final adjournment of the Court for the term, operates as a legal discharge of a jury, and terminates their functions as such. The jury having been legally discharged, by the adjournment of the Court, if not by the order of the judge, without having rendered a verdict, it was entirely regular at the next term to impannel a jury, and proceed with the trial.

The motion in arrest of judgment, being predicated upon the same facts, needs no further discussion.

*Per Curiam.*—The judgment is affirmed with costs.

*A. Ellison*, for the appellant

*J. M. Flagg*, for the appellee.