## LEAS ET AL. *v.* PATTERSON.

PRACTICE.—*Discharge of Jury.*—*Qualification.*—Where a portion of the plaintiff's evidence has been given, and it is discovered that the jury has not been sworn, it is not error for the court to discharge the jury, and to have the same jurors called to try the case; and the statement by such a juror that he had formed no opinion from the portion of the evidence heard, is sufficient to show his qualification in that respect to serve.

CONTRACT.—*Performance in Full Impossible.*—Where one was employed for a stipulated sum to serve as a substitute in the army for one year, and the war closed when three-fourths of the period had passed, and he was discharged accordingly, he was held to be entitled to the full sum contracted to be paid, and interest thereon.

SAME.—*Payment to Officer.*—Where the money was payable to the plaintiff at Indianapolis, on his being mustered into the service, his consent that the money should be sent by a government officer did not change his rights or release his employer on payment to the officer.

APPEAL from the Elkhart Common Pleas.

VOL. XXXVIII.—30

DOWNEY, J.—The appellee sued the appellants. His complaint contained three paragraphs. In the first, he alleged that on the 17th day of October, 1864, one William Crampton was drafted to serve in the army of the United States, for the term of one year; that the defendants agreed with the plaintiff to pay him seven hundred and fifty dollars, if he would take the place of Crampton and serve for said term in the army of the United States; that the plaintiff did take the place of said Crampton, and, as his substitute, entered the army of the United States and served therein for the term of one year, of which the defendants had notice; and that they have refused to pay said sum of money, or any part of it.

In the second paragraph, he alleged that on the 17th day of October, 1864, the defendants represented to the plaintiff that one William Crampton had been drafted from the tenth congressional district, in the State of Indiana, to serve in the army of the United States for the term of one year, and undertook and promised to pay the plaintiff the sum, of seven hundred and fifty dollars, in consideration that he would enter the said army in the place of Crampton, and serve for one year; that the plaintiff did enter the army and serve for one year, and was, on the 21st day of July, 1865, regularly discharged therefrom, a copy of which discharge is filed with this paragraph of the complaint and made part thereof; that the defendants had had due notice of all of said facts, and, although often requested, had refused to pay said plaintiff said sum of money.

In the third paragraph, it is alleged that the defendants were indebted to the plaintiff in the sum of seven hundred and fifty dollars, with interest from the 22d day of November, 1864, for work and labor performed and services rendered by the plaintiff, at the special instance and request of the defendants, for which the defendants undertook and promised to pay the plaintiff the said sum of money; that

although the defendants had been often requested, they have not paid said sum of money, etc.

The clerk's entry informs us that the defendants filed their answer of general denial, and that, by agreement of the parties, all matters of defence were allowed to be given in evidence under it, and that all matters in reply might be given in evidence without further pleading. This answer is not set out in the complaint, but a substitute which was filed is set out.

There was a trial of the cause by a jury; a verdict for the plaintiff; a motion by the defendants for a new trial, which was overruled, and final judgment on the verdict.

The case seems to have been sharply contested at every step of its progress.

The defendants, besides a denial of the facts which the plaintiff was bound to make out, insisted, as an affirmative defence, that they had delivered the amount agreed to be paid to an officer of the recruiting service, by the consent and direction of the plaintiff. The plaintiff denied this, and insisted that if such delivery had been made, it was without his consent, and that he never received the money.

A jury was impanelled and sworn to try the cause, and after part of the evidence on behalf of the plaintiff had been introduced, the court, on the motion of the plaintiff, discharged the jury. The reason for this was, that the jury had been sworn to try a cause wherein Gilbert J. Patterson was plaintiff and Augustus S. Leas was defendant, and not the case in which Patterson was plaintiff and Leas and Scutt were defendants. The defendants objected to this order being made. When the second jury was called, the defendants objected to their being impanelled, but their objection was overruled. The jurors composing the second jury being the same persons who composed the first jury, the defendants challenged the array, for the reason that the jurors, having heard the evidence in part, were incompetent to try the case; but the court overruled this objection also. The defendants then asked one of the jurors whether or not

he had formed an opinion as to the merits of the case; and he answered, "No." They then asked him if he had, from the evidence which he had heard, formed an opinion as to any of the facts set up in the complaint; to which he again answered, "No." On these answers, and on the fact that part of the evidence had been heard by the juror, the defendants challenged the juror, but the court overruled the challenge. The defendants having peremptorily challenged one of the jurors, and his place having been filled, the jury was properly sworn, and the plaintiff recommenced his evidence.

These alleged errors were reserved, and are presented to us in various ways. An exception was taken to the action of the court in discharging the first jury; in compelling the defendants to proceed to trial before the second jury; in refusing to sustain the challenge to the array of the second jury; in overruling the challenge to the polls; and in overruling a motion made by these defendants, after the return of the verdict, to dismiss the action on account of the discharge of such first jury, in which they insisted that the discharge of the jury was a virtual dismissal of the action by the plaintiff.

We are not inclined to sustain the positions assumed by the appellants with reference to this action of the court. The jury should have been sworn in the first place to try the cause which was about to be submitted to them. And, although the trial might have been irregular only, in the absence of any objection on the part of the defendants to the manner of swearing the jury, we think it was not error for the court, when it was ascertained that the jury had not been properly sworn, to re-swear them and recommence the trial, as was done. The discharge of the first jury remitted the case and the parties back to their former position and rights, as though no jury had been impanelled. The challenge to the array of the new jury was properly overruled, and there was no sufficient ground shown for the challenge of the individual juror. Much less did the discharge of

the first jury furnish any reason for dismissing the action. This point is so decided by this court in *Ashbaugh* v. *Edgecomb*, 13 Ind. 466.

The evidence admitted, both documentary and parol, showed that the plaintiff went into the military service as the substitute for Crampton, at the request of the defendants, in November, 1864; that they agreed to pay him seven hundred dollars for so doing; and that he served until the close of the war in July, 1865, but did not serve out the full term of one year, on account of the close of the war before that time had expired.

The appellants insist that the court erred in admitting in evidence, over their objection, the certificate of discharge of the plaintiff from the military service, and certain certificates of the assistant adjutant general of the army of the United States, relating to the drafting of Crampton, and that the plaintiff was received and served as his substitute. But if we should find that this position was well taken, we could not, for that reason alone, reverse the judgment, because the parol evidence shows the same facts.

The fifth instruction given is as follows:

"Fifth. If the plaintiff entered upon the discharge of the service agreed to be performed by him for the defendants, and by reason of a legal impossibility to the performance of the whole duty arising he went no further, but was ready and willing to do so, and the defendants knew it without objecting, then the plaintiff, in contemplation of law, has performed what he undertook to do."

The sixth is as follows:

"Sixth. The court takes judicial notice of the fact that the war was at an end before the first day of August, 1865, in view of which fact, and the further one, if you find that he was mustered out of the service at or about that time, you are at liberty to find whether or not the plaintiff could, by any possibility, proceed further in the performance of the duty arising under his contract with the defendants."

The specific objection made to these instructions by coun-

sel' for the appellants is, that they authorize the jury to receive and allow evidence of an excuse for not fully performing the contract, on account of the close of the war, when there is no excuse alleged in the pleadings, but, on the contrary, it is alleged that the plaintiff served the full year. It is a question of variance or difference between the allegations and the proof. This objection is somewhat technical. In legal effect, we think, it is the same, whether the plaintiff served the full year, or so much of it as he was allowed to serve. The parties must be held to have made their contract subject to the contingency, which was then quite probable, that the war might close before the end of the year. The plaintiff was, by the terms of the contract, entitled to his pay when he should be enrolled and received as the substitute of Crampton, and there was no stipulation that he should repay any part of it, in the event of the close of the war before the expiration of the year. There is no ground on which to contend that the money was not to be paid until the year's services had been rendered. But if, as contended by counsel for the appellants, by failing to sue until the year had elapsed, the agreements became dependent, still we think a serving until the end of the war was a full performance on the part of the plaintiff. It was all that he could do. His occupation was gone.

In the view which we have taken of the case, the instructions relating to the third paragraph of the complaint become immaterial.

The defendant asked the court to give the following instruction: "First, that if the money, by consent of the plaintiff, was delivered by Leas to the government officer, whose duty it was to take it to Indianapolis, then the plaintiff cannot recover on the first and second causes of action." The court refused to give this instruction, and we think the refusal was correct. The evidence tended to show that the money was to be paid to the plaintiff at Indianapolis after he was received as the substitute of Crampton. It was immaterial to him by whom the defendants sent the money to

Indianapolis. His consenting to its being sent by a government officer could not change his rights. The money did not become his from being placed in the hands of the officer, and was not at his risk.

A question is made as to the refusal of the court to reduce its charges to the jury to writing, in accordance with a request to that effect by the defendants, and to give no oral charges. With some hesitation, we have come to the conclusion that there is nothing in this part of the case for which the judgment should be reversed.

The next point made is, that the damages were excessive, and that a new trial should have been granted for that cause. The jury seem to have found for the plaintiff the amount agreed to be paid, with interest. It is conceded by counsel for the defendants that the verdict is not too large if the jury ought to have allowed interest. Interest may be allowed on money "due and withheld by unreasonable delay of payment." 2 G. & H. 656, sec. 4. The jury may have rightly allowed interest under this statute, if they believed that the money was so due and withheld.

It is urged, however, that as the plaintiff served only three-fourths of the agreed time, he should only recover three-fourths of the amount agreed to be paid. We do not think so. We have already given our opinion on this point, in speaking of the instructions given by the court to the jury.

We think the finding of the jury on the issue of payment was correct. The evidence seems to us to have required the jury to find on that issue as they did.

The judgment is affirmed, with costs.

*A. Ellison, J. I. Best,* and — *McClellan,* for appellants.

*J. H. Baker* and *J. A. S. Mitchell,* for appellee.