James Henry STEELE, Jr.,
Defendant-Appellant,

v.

STATE of Indiana, Plaintiff-Appellee.

No. 3–982A256.

Court of Appeals of Indiana,
Third District.

March 16, 1983.

Rehearing Denied April 22, 1983.

Itsia Doris Rivera, Rivera, Schlesinger & de la Torre, East Chicago, for defendant-appellant.

Linley E. Pearson, Atty. Gen., John D. Shuman, Deputy Atty. Gen., Indianapolis, for plaintiff-appellee.

HOFFMAN, Presiding Judge.

Appellant James Steele was charged and convicted of robbery,[1] a class C felony. The trial of Steele commenced on April 27, 1982. Opening statements and the testimony of five witnesses for the State were elicited before court was adjourned for the day. When court reconvened on the second day, appellant moved for a mistrial based on the court's failure to swear in the jury prior to the commencement of the trial. Appellant's motion was denied; the jury was sworn in, and the trial continued from the point of appellant's motion for mistrial. On April 29 the jury returned a verdict of guilty. This appeal results.

The issues raised by appellant have been consolidated for review: whether the trial court erred in refusing to grant appellant's motion for mistrial.

 The oath given to a jury prior to the commencement of a trial is not a mere formality. It is intended to impress upon the jury its solemn duty to carefully deliberate on the matter at issue. Most importantly the oath serves as a safeguard of a criminal defendant's fundamental constitutional right to trial by an impartial jury. *People v. Pribble* (1976) 72 Mich.App. 219, 249 N.W.2d 363; *State v. Graves* (1956) 119 Vt. 205, 122 A.2d 840. Therefore, the absence of the administration of the oath to a jury in a criminal trial is not a matter to be taken lightly.

While there is not an abundance of case law on this particular issue, an Indiana Supreme Court decision is especially worth noting. In *Leas et al. v. Patterson* (1872), 38 Ind. 465, the court incorrectly named the parties when swearing in the jury. After presenting part of his evidence, the plaintiff became aware of the error and moved for a

discharge of the jury. The jury was discharged and subsequently the identical panel of veniremen was reinstated and correctly sworn in to try the matter. This procedure was held not to be in error.

In the case at bar the same procedure was readily available, and having failed to act in this manner, the trial court was in error. *Whitehead v. State* (1983) Ind.App., 444 N.E.2d 1253. Appellant's motion for mistrial should have been granted. A new panel, or the same panel of jurors should have been sworn in and the trial recommenced at its beginning point. For the reasons stated above the decision of the trial court is reversed and the cause remanded for retrial.

Reversed and remanded.

GARRARD and STATON, JJ., concur.

---

1. Ind.Code § 35–42–5–1 (Burns 1979 Repl.).