STATE of Wisconsin, Plaintiff-Respondent,

v.

Damone John BLOCK, Defendant-Appellant.†

Court of Appeals

*No. 91–2499–CR. Submitted on briefs August 11, 1992.—Decided August 25, 1992.*

(Also reported in 489 N.W.2d 715.)

†Petition to review denied.

676

On behalf of the defendant-appellant, the cause was submitted on the briefs of *Gary M. Luck* of Brookfield, Wisconsin.

On behalf of the plaintiff-respondent, the cause was submitted on the briefs of *James E. Doyle,* attorney general, and *William C. Wolford,* assistant attorney general.

Before Wedemeyer, P.J., Sullivan and Fine, JJ.

FINE, J. Damone John Block appeals his conviction of second-degree murder in violation of section 940.02(1), Stats. (1985–86), and of unlawful possession of cocaine in violation of sections 161.16(2)(b)1 and 161.41(3m), Stats. He raises two issues. First, the trial court failed to swear the jury prior to the receipt of evidence, and Block contends that this required a mistrial. Second, Block claims trial-court error in instructing the jury on the effect of alleged medical malpractice on his responsibility for the victim's death. We affirm.

I.

Block's second-degree murder conviction is based on the death of his seventy-three year old grandmother, Perlean Stewart, whom he stabbed on October 5, 1987.

Between the day she was stabbed and the day she died on December 24, 1987, Stewart was hospitalized three times and underwent three operations. She died from a pulmonary embolism. According to surgeons who treated her, the stabbing was a substantial factor in causing Stewart's death. Block, however, argued that negligence by Stewart's treating physicians caused her death.

## II.

As noted, the first claim of error is predicated on the trial court's failure to swear the jury prior to the start of the trial. Section 756.098(1)(a), Stats., provides:

> In every case and in all courts the jurors selected to try the issues in the action or proceeding, civil or criminal, shall be sworn; and the oath may be administered in substantially the following form: Do you and each of you swear (or affirm) that you will well and truly try the issue joined between . . ., plaintiff, and . . .., defendant, and, unless discharged by the court, a true verdict give, according to law and the evidence given in court, so help you God.

The jury was not sworn until six witnesses had already testified for the State. The trial court denied Block's motion for a mistrial, and proceeded as follows:

> THE COURT: One of the things the Court did at the start of the voir dire was to swear you and ask that you answer all questions truthfully and honestly and you did take that oath. What the Court should have done before the trial started—and the reason we didn't do it is because we waited until the following morning and then we had a replacement clerk that thought that the other clerk had sworn the jury, but we have to swear you before each and every trial and so at this point you're going to raise your right hands

679

and I'm going to swear again so that you will truly try the issues in this case—only I will vary the oath and ask you if you have thus far truly tried the issues and will henceforth truly try the issues so would you please raise your right hands? Do you solemnly swear and you have thus far truly tried the issue between the State of Wisconsin, Plaintiff, and the Defendant, and unless discharged by the Court a true verdict give according to the law and evidence so help you God?

THE JURY: We do.

THE COURT: Is there anyone here who hasn't truly tried the evidence up to this point?

JUROR: I have to affirm, Judge.

THE COURT: And one of the jurors affirms and that is accepted as an oath and legally by me but anyone else? Okay. Fine. You may be seated. We will continue with the trial.

Every defendant in a criminal case has a fundamental right to have his or her guilt decided by "an impartial jury." U.S. CONST. amend. VI; *Duncan v. Louisiana,* 391 U.S. 145, 149 (1968) (Sixth Amendment's guarantee of right to jury trial is applicable to states *via* Fourteenth Amendment); WIS. CONST. art. I, sec. 7. The juror's oath is an integral element of this right:

> The required oath is not a mere "formality" which is required only by tradition. The oath represents a solemn promise on the part of each juror to do his duty according to the dictates of the law to see that justice is done. This duty is not just a final duty to render a verdict in accordance with the law, but the duty to act in accordance with the law at all stages of trial. The oath is administered to insure that the jurors pay attention to the evidence, observe the credibility and demeanor of the witnesses and conduct them-

680

selves at all times as befits one holding such an important position.

*People v. Pribble,* 249 N.W.2d 363, 366 (Mich. App. 1976) (protection against double jeopardy does not bar trial after grant of mistrial based on failure to administer oath to jury). The oath, of course, must be administered before the trial begins. *Ibid.*

■■

Whether a trial court's inadvertent failure to timely administer the required oath requires a mistrial is, understandably, an issue that has not arisen frequently. Nevertheless, we agree with the New Mexico Court of Appeals when it observed that "where the jury is sworn during the trial, but prior to the commencement or [*sic*] deliberations upon the verdict, the error does not warrant reversal in the absence of prejudice." *State v. Apodaca,* 735 P.2d 1156, 1160 (N.M. App. 1987); *see also State v. Godfrey,* 666 P.2d 1080, 1081–1082 (Ariz. App. 1983); *Cooper v. Campbell,* 597 F.2d 628, 629 (8th Cir. 1979), *cert. denied,* 444 U.S. 852 (absent prejudice, administration of oath after opening statements but prior to taking of testimony harmless error); *United States v. Hopkins,* 458 F.2d 1353, 1354 (5th Cir. 1972) (absent prejudice, administration of oath after presentation of prosecution's case harmless error—no objection by defendant); *cf. People v. Morales,* 570 N.Y.S.2d 831, 832-833 (N.Y. App. Div. 1991) (absent prejudice, administration of oath after presentation of prosecution's case harmless error—defendant objected but did not move for mistrial); *State v. Roberge,* 582 A.2d 142, 143-144 (Vt. 1990) (absent prejudice, administration of oath after presentation of prosecution's case harmless error—no objection by defendant); *State v. Saybolt,* 461 N.W.2d 729, 736-737 (Minn. App. 1990) (absent motion for mistrial and absent prejudice, administration of oath after

681

close of evidence was harmless error and did not warrant reversal). *But see Steele v. State,* 446 N.E.2d 353, 354 (Ind. App. 1983) (reversible error for trial court not to grant motion for mistrial when oath inadvertently not administered to jury until after five prosecution witnesses had testified). Although the trial court here could have in the reasoned exercise of its discretion granted defendant's mistrial motion, *see Pribble,* 249 N.W.2d at 366, and, depending on the circumstances, such a course might be advisable, Block—who also apparently did not realize timely that the jury had not been sworn—has not pointed to any resulting prejudice. Absent prejudice, reversal is not warranted.

### III.

Block's second claim of error focusses on the trial court's instruction to the jury on the effect of alleged medical malpractice on Stewart's death. One of Block's theories of defense was that the stabbing was not a substantial factor in Stewart's death because she would not have died absent negligence by medical personnel. Over Block's objection, the trial court instructed the jury as follows:

> In Wisconsin, if the defendant inflicts a wound of potentially mortal or life threatening nature on another and negligence, if any, of the doctor contributes to the victim's death, such negligence does not break the chain of causation between the acts of the defendant and the subsequent death. The State is only required to prove beyond a reasonable doubt that the defendant's acts were a substantial factor in producing the death.

■ A trial court has broad discretion in instructing the jury so as to "fairly inform the jury of the rules of law applicable to the case and to assist the jury in making a reasonable analysis of the evidence." *State v. Turner,* 114 Wis. 2d 544, 551, 339 N.W.2d 134, 138 (Ct. App. 1983). The trial court's instruction here was warranted by the evidence, especially testimony by one of Stewart's treating physicians, that she would have died without surgical intervention. The instruction also accurately stated the law. The prosecution is required to prove beyond a reasonable doubt only that defendant's acts were a "substantial factor" in causing the victim's death—not that they were the sole cause. *Cranmore v. State,* 85 Wis. 2d 722, 771-775, 271 N.W.2d 402, 427-428 (Ct. App. 1978). Thus, any medical negligence in connection with procedures undertaken in response to a life-threatening situation created by the defendant does "not break the chain of causation" even though that negligence may have "contributed" to the victim's death. *Cranmore,* 85 Wis. 2d at 775, 271 N.W.2d at 428.

■ Block also argues the instruction impermissibly directed the jury to conclude that the stabbing in fact caused Stewart's death, and thus violated Rule 903.03, Stats.[1] We disagree. The trial court's instruction merely

---

[1]Rule 903.03, Stats., provides:

**Presumptions in criminal cases.** (1) SCOPE. Except as otherwise provided by statute, in criminal cases, presumptions against an accused, recognized at common law or created by statute, including statutory provisions that certain facts are prima facie evidence of other facts or of guilt, are governed by this rule.

(2) SUBMISSION TO JURY. The judge is not authorized to direct the jury to find a presumed fact against the accused. When the presumed fact establishes guilt or is an element of the offense or negatives a defense, the judge may submit the question of guilt or of

assisted the jury "in making a reasonable analysis of the evidence." *See Turner,* 114 Wis. 2d at 551, 339 N.W.2d at 138. The jury was not directed to reach any particular conclusion. *Cf. State v. Kuntz,* 160 Wis. 2d 722, 733–741, 467 N.W.2d 531, 535–538 (1991), where the jury was impermissibly told that a "mobile home is a building," the jury here was not directed to reach any particular conclusion. There was no error.

By the Court.—Judgment affirmed.

---

the existence of the presumed fact to the jury, if, but only if, a reasonable juror on the evidence as a whole, including the evidence of the basic facts, could find guilt or the presumed fact beyond a reasonable doubt. When the presumed fact has a lesser effect, its existence may be submitted to the jury if the basic facts are supported by substantial evidence, or are otherwise established, unless the evidence as a whole negatives the existence of the presumed fact.

(3) INSTRUCTING THE JURY. Whenever the existence of a presumed fact against the accused is submitted to the jury, the judge shall give an instruction that the law declares that the jury may regard the basic facts as sufficient evidence of the presumed fact but does not require it to do so. In addition, if the presumed fact establishes guilt or is an element of the offense or negatives a defense, the judge shall instruct the jury that its existence must, on all the evidence, be proved beyond a reasonable doubt.