STATE of Wisconsin, Plaintiff-Respondent,

v.

Debra Ann DWYER, Defendant-Appellant.†

Court of Appeals

*Nos. 93–0393–CR, 93–1232. Submitted on briefs December 14, 1993.—Decided January 11, 1994.*

(Also reported in 512 N.W.2d 233.)

†Petition to review dismissed.

On behalf of the defendant-appellant, the cause was submitted on the briefs of *Waring R. Fincke* of *Dvorak & Fincke, S.C.*, of Milwaukee.

On behalf of the plaintiff-respondent, the cause was submitted on the briefs of *E. Michael McCann*, district attorney, and *Jon Peter Genrich*, senior assistant district attorney, of Milwaukee.

Before Wedemeyer, P.J., Sullivan and Fine, JJ.

FINE, J.   This is a consolidated appeal from a judgment convicting Debra A. Dwyer of driving under the influence of an intoxicant, third offense, *see* secs. 346.63(1)(a) & 346.65(2)(c), Stats., an order suspending her driving privilege as the result of her refusal to submit to blood-alcohol tests, *see* sec. 343.305, Stats., and an order denying her motion for post-conviction relief. Dwyer raises three issues on this appeal. First, she argues that the proceedings were void because a law student together with supervising counsel appeared for her under the purported authority of the Rules for Practical Training of Law Students promul-

gated by the Wisconsin Supreme Court, SCR Chapter 50, without the specific written authorization required by SCR 50.06. Second, she contends that she was unlawfully tried *in absentia*, in violation of section 971.04, Stats. Third, she claims that she received ineffective assistance of counsel at the trial of the driving-while-intoxicated charge.

We agree that section 971.04, Stats., was violated and, accordingly, reverse her conviction for driving while intoxicated. We do not, therefore, consider whether Dwyer was denied her right to effective assistance of counsel. *See Gross v. Hoffman*, 227 Wis. 296, 300, 277 N.W. 663, 665 (1938) (only dispositive issue need be addressed). We affirm the suspension of Dwyer's driving privilege.

## I.

The facts in this case are fairly straight-forward. As found by the trial court at the conclusion of the hearing on Dwyer's refusal to submit to blood-alcohol tests, Dwyer was stopped by a police officer in the early morning hours of November 15, 1989, when the officer's radar indicated that Dwyer was driving forty-two miles an hour in a twenty-five-miles-an-hour zone. The officer asked Dwyer for her license, which she produced after some fumbling. At the time, the officer noticed the odor of alcohol coming from Dwyer's car, and asked her whether she had been drinking. Dwyer told him that she had had a few beers, and that she was lost. The officer then gave Dwyer three field-sobriety tests, at the conclusion of which he placed her under arrest. Once at the police station, Dwyer was advised of her rights under the informed-consent law, and refused to have her blood-alcohol content measured by any of

the applicable tests. Dwyer does not on this appeal challenge any of these findings.

The refusal hearing was on March 2, 1992. Dwyer appeared at the hearing, and was represented by Mary Campbell, an assistant state public defender, and by Paige Styler, a law student. Styler stated her appearance as follows: "Paige Styler under the supervision of Attorney Mary Campbell, under the student practice rule, representing Debra Dwyer, who is here." Both Campbell and Styler participated in the substantive pre-hearing motions. The police officer was the only witness who testified at the hearing. Styler conducted all of the cross-examination on Dwyer's behalf, and, after testimony at the hearing was closed, presented argument to the trial court.

After conclusion of the refusal hearing, the trial court selected a jury to try the driving-under-the-influence charge. Once the venire panel was in court, Styler again announced her appearance: "Paige Styler under the supervision of Attorney Mary Campbell, under the student practice rule, representing Debra Dwyer, who is here." Later, when she introduced herself to the jury, Styler said: "My name is Paige Styler, and I'm a student at Marquette, and I'm under the supervision of Attorney Mary Campbell, and we're representing Debra Dwyer." When she began her *voir dire* of the potential jurors, she again announced her status and role: "As I said earlier, my name is Paige Styler, and I'm working under the supervision of Attorney Mary Campbell, and we are both representing Debra Dwyer." Dwyer was present every time Styler introduced herself on March 2, both at the refusal hearing and at jury selection. Although Styler conducted the *voir dire* on March 2, Campbell also asked a question of the potential jurors.

Selection of the jury was not finished when the court adjourned on March 2. When court resumed the following morning, and before continuing with jury selection, Dwyer told the trial court that she was unhappy with Campbell's representation and requested an opportunity to hire a new lawyer. The trial court denied Dwyer's request. After a brief recess, Dwyer did not return to court. Over Campbell's objection, the trial court concluded that it had the power to continue in Dwyer's absence, and the venire panel was brought into court. Campbell assumed full responsibility for Dwyer's representation and announced her appearance as follows: "Mary Campbell appearing assisted by Paige Styler, law student intern at Marquette University, representing Debra Dwyer."

Over Campbell's objections, the jury selection continued, a jury was selected and sworn, and the trial was started and completed—all in Dwyer's absence. Campbell, however, refused to participate in any way other than her presence. The jury returned a verdict finding Dwyer guilty of driving while under the influence of an intoxicant. The following day, on March 4, Dwyer was returned to court on a warrant, and sentenced.

## II.

A.  *The student practice rules.*

The first issue we have to consider is whether the failure to get Dwyer's written consent to Styler's participation in the refusal hearing voided that proceeding. SCR 50.06(1) provides:

> A student may engage in the following activities only under the direct and immediate supervision and with the approval of a supervising lawyer and only if the client on whose behalf he or

she acts shall have approved in writing the performance of those acts by the student. Such activities must be part of the clinical program of the law school.

It is undisputed on this appeal that Dwyer did not give her written approval to Styler's appearances on her behalf under SCR 50.06(1). At the post-conviction hearing, Campbell testified that although she and Styler had "other authorizations signed with other defendants for other hearings," it "was an oversight that it was never signed" in Dwyer's case.

Although no case in Wisconsin has considered the effect of inadvertently failing to get the client's written approval under SCR 50.06(1), there are, as noted by the post-conviction trial court, two analogous decisions that assist our analysis. In *State v. Block*, 170 Wis. 2d 676, 679-682, 489 N.W.2d 715, 717-718 (Ct. App. 1992), we held that the trial court's inadvertent failure to administer the required oath to the jury until after six witnesses had testified did not require a mistrial absent prejudice, even though, as we recognized, the required oath "must be administered before the trial begins," *id.*, 170 Wis. 2d at 681, 489 N.W.2d at 717.[1] In *Contempt in State v. Lehman*, 137 Wis. 2d 65, 81-82, 403 N.W.2d 438, 446 (1987), the supreme court recognized the trial court's "*pro hac vice* authority" to

---

[1] The applicable statute in *Block*, section 756.098(1)(a), Stats., provides:

In every case and in all courts the jurors selected to try the issues in the action or proceeding, civil or criminal, shall be sworn; and the oath may be administered in substantially the following form: Do you and each of you swear (or affirm) that you will well and truly try the issue joined between . . . ., plaintiff, and . . . ., defendant, and, unless discharged by the court, a true verdict give, according to law and the evidence given in court, so help you God.

appoint a lawyer to represent an indigent defendant even though (1) the lawyer was not admitted to practice law in Wisconsin, and (2) the lawyer was not "in association with an active member of the state bar of Wisconsin who appear[ed] and participate[d] in the action or proceeding," as required by SCR 10.03(4).

The teaching of *Block*: no harm, no foul, applies with equal force here. The record is clear that Dwyer was present each time Styler explained her status. Further, Dwyer testified at the post-conviction hearing that law students had represented her in prior proceedings, that she had never objected to their representation, and that she did not object to Styler's representation of her until after the refusal hearing. Under these circumstances, Dwyer has failed to show that she was prejudiced because of what Campbell testified was the "oversight" of not getting her approval to Styler's participation "in writing," as required by SCR 50.06(1). Stated another way, Dwyer has not alleged that she would not have given her approval to Styler's participation if she had been asked to sign a document attesting to that approval. Moreover, Dwyer does not claim on this appeal that Styler's participation in the refusal hearing prejudiced her rights to a fair determination in that proceeding. Dwyer's claim that the failure to comply with the "writing" prerequisite in SCR 50.06(1) renders the proceedings void *per se* is without merit.[2] The order entered suspending Dwyer's

---

[2] Two Illinois cases relied upon by Dwyer, *People v. Schlaiss*, 528 N.E.2d 334 (Ill. App. 1988), and *People v. Moore*, 380 N.E.2d 917 (Ill. App. 1978), both concerned cases where the record did not indicate that the defendants were aware that they were being represented by unlicensed law students.

834

driving privilege as a result of her refusal to submit to blood-alcohol tests is affirmed.

B.  *Section 971.04, Stats.*

Dwyer claims that her conviction for driving while under the influence of an intoxicant must be reversed because she was tried in her absence, in violation of section 971.04(1)(b), Stats. We agree.

Section 971.04, Stats. provides, in material part:

(1)  Except as provided in subs. (2) and (3), the defendant shall be present:

(a)  At the arraignment;

(b)  At trial;

(c)  At all proceedings when the jury is being selected;

(d)  At any evidentiary hearing;

(e)  At any view by the jury;

(f)  When the jury returns its verdict;

(g)  At the pronouncement of judgment and the imposition of sentence;

(h)  At any other proceeding when ordered by the court.

(2)  A defendant charged with a misdemeanor may authorize his attorney in writing to act on his behalf in any manner, with leave of the court, and be excused from attendance at any or all proceedings.

(3)  If the defendant is present at the beginning of the trial and thereafter, during the progress of the trial or before the verdict of the jury has been

*Schlaiss*, 528 N.E.2d at 336; *Moore*, 380 N.E.2d at 920. That is not the situation here.

returned into court, voluntarily absents himself or herself from the presence of the court without leave of the court, the trial or return of verdict of the jury in the case shall not thereby be postponed or delayed, but the trial or submission of said case to the jury for verdict and the return of verdict thereon, if required, shall proceed in all respects as though the defendant were present in court at all times. . . .

■

The trial court held that Dwyer's voluntary absence from the proceedings triggered the application of section 971.04(3), Stats. Our review is *de novo. See In re R.B.,* 108 Wis. 2d 494, 496, 322 N.W.2d 502, 503 (Ct. App. 1982) (construction of a statute presents a question of law, subject to *de novo* review on appeal). Statutory analysis begins with an examination of the language of the statute itself to determine whether the language is clear or ambiguous. *De Bruin v. State,* 140 Wis. 2d 631, 635, 412 N.W.2d 130, 131 (Ct. App. 1987). If the language is clear, a court must give effect to the plain meaning. *DNR v. Wisconsin Power & Light Co.,* 108 Wis. 2d 403, 408, 321 N.W.2d 286, 288 (1982).

■

The language of section 971.04, Stats., is clear: a defendant must be present at the trial unless he or she voluntarily does not appear "during the progress of the trial" *provided* that he or she was "present at the beginning of the trial." Section 971.04(1)(b) & (3), Stats. Although, as the trial court noted, jury selection can, in some circumstances be considered part of the "trial," the legislature specifically distinguished between the "proceedings when the jury is being selected," sec. 971.04(1)(c), Stats., and the "trial," sec. 971.04(1)(b). To construe the word "trial" as used in section 971.04 to

encompass both the "proceedings when the jury is being selected," and the proceedings after the jury has been sworn, would render section 971.04(1)(c) surplusage. This we may not do. *See Donaldson v. State*, 93 Wis. 2d 306, 315, 286 N.W.2d 817, 821 (1980) ("A statute should be construed so that no word or clause shall be rendered surplusage and every word if possible should be given effect.").

A defendant in Wisconsin may not be tried *in absentia* without his or her consent, which may be inferred by conduct. *See State v. Dickson*, 53 Wis. 2d 532, 546, 193 N.W.2d 17, 25 (1972) (applying predecessor of section 971.04, Stats.). Section 971.04 delimits, however, *when* that consent may be inferred by conduct: "the defendant is present at the beginning of the trial and thereafter, during the progress of the trial or before the verdict of the jury has been returned into court, voluntarily absents himself or herself from the presence of the court without leave of the court." Section 971.04(3), Stats. If this statutory precondition to inferring waiver by conduct is not present, the trial court may, in the appropriate exercise of its discretion, delay the trial until the defendant can be produced, *see Dickson*, 53 Wis. 2d at 546, 193 N.W.2d at 25, or declare a mistrial. Dwyer is entitled to a new trial on the charge of driving while under the influence of an intoxicant.

*By the Court.*—Judgment reversed, order suspending Dwyer's driving privilege affirmed, order denying Dwyer's motion for post-conviction relief affirmed in part and reversed in part, and cause remanded.