STATE of Wisconsin, Plaintiff-Appellant,

v.

Mary BOYER, Constance Cooper, Katherine Kenaga, Anthony Nitti, Kenneth Smith and Cynthia Verenski, Defendants-Respondents.†

Court of Appeals

*No. 95–0624–CR. Submitted on briefs December 5, 1995.—Decided December 26, 1995.*

(Also reported in 543 N.W.2d 562.)

†Petition to review denied.

On behalf of the plaintiff-appellant, the cause was submitted on the briefs of *E. Michael McCann*, district attorney, and *Thomas J. McAdams*, assistant district attorney, of Milwaukee.

On behalf of the defendants-respondents, the cause was submitted on the briefs of *Gerald P. Boyle* and *Bridget E. Boyle* of *Gerald P. Boyle, S.C.*, of Milwaukee, and *Marty Kohler* of *Kohler & Hart* of Milwaukee.

Before Wedemeyer, P.J., Fine and Schudson, JJ.

FINE, J.   Mary Boyer, Constance Cooper, Katherine Kenaga, Anthony Nitti, Kenneth Smith, and Cynthia Verenski entered pleas of no contest to possessing marijuana as party to a crime. *See* § 161.01(4), STATS. (defining "controlled substance" to mean "a drug, substance or immediate precursor" listed in "schedules I to V" in §§ 161.11–161.24, STATS.); § 161.14(4)(t), STATS. (classifying as a "Schedule I" controlled substance "Tetrahydrocannabinols, commonly known as 'THC', in any form including tetrahydrocannabinols contained in marijuana, obtained from marijuana or chemically synthesized"); § 161.41(3r), STATS. (subjecting a person unlawfully possessing "tetrahydrocannabinols, listed at s. 161.14(4)(t)" to a fine of "not more than $1,000" or incarceration "for not more than 6 months or both"); § 939.05, STATS. (the party-to-a-crime statute). The trial court deferred entry of judgment pursuant to § 161.47, STATS.[1] The

---

[1] Section 161.47, STATS., provides:

**Conditional discharge for possession or attempted possession as first offense. (1)** Whenever any person who has not previously been convicted of any offense under this chapter, or of any offense under any statute of the United States or of any state or

State contends that this was improper, and appeals. We reverse.

■■■

The sole issue presented by this appeal is whether § 161.47, STATS., permits a trial court to defer prosecution for the possession of marijuana made unlawful by § 161.41(3r), STATS. This presents a question of statutory interpretation, which we analyze *de novo*. *See State v. R.B.*, 108 Wis. 2d 494, 496, 322 N.W.2d 502, 503 (Ct. App. 1982) (construction of a statute presents a question of law, subject to *de novo* review on appeal). A statute that is clear on its face must be applied as it is written, *State v. Dwyer*, 181 Wis. 2d 826, 836, 512 N.W.2d 233, 236 (Ct. App. 1994), without resort to legislative history, *Northwest Wholesale Lumber, Inc. v. Anderson*, 191 Wis. 2d 278, 284, 528 N.W.2d 502, 505 (Ct. App. 1995).

of any county ordinance relating to narcotic drugs, marijuana or stimulant, depressant or hallucinogenic drugs, pleads guilty to or is found guilty of possession or attempted possession of a controlled substance under s. 161.41 (3), the court, without entering a judgment of guilt and with the consent of the accused, may defer further proceedings and place him or her on probation upon terms and conditions. Upon violation of a term or condition, the court may enter an adjudication of guilt and proceed as otherwise provided. Upon fulfillment of the terms and conditions, the court shall discharge the person and dismiss the proceedings against him or her. Discharge and dismissal under this section shall be without adjudication of guilt and is not a conviction for purposes of disqualifications or disabilities imposed by law upon conviction of a crime, including the additional penalties imposed for 2nd or subsequent convictions under s. 161.48. There may be only one discharge and dismissal under this section with respect to any person.

(2)   Within 20 days after probation is granted under this section, the clerk of court shall notify the department of justice of the name of the individual granted probation and any other information required by the department. This report shall be upon forms provided by the department.

Section 161.47, STATS., permits the trial court to "defer further proceedings" "without entering a judgment of guilt" in cases involving persons who "plead[ ] guilty or [are] found guilty of possession or attempted possession of a controlled substance under s. 161.41(3)," as long as the defendants have not "previously been convicted" of any drug-related offense. Section 161.41(3), STATS., makes it a misdemeanor "punishable under s. 939.61" for any person to unlawfully "possess or attempt to possess a controlled substance, other than a controlled substance classified in schedule I or II that is a narcotic drug," *"[e]xcept as provided in subs.* (3m), (3n), (3p) *and (3r)."* (Emphasis added.)[2] As noted, the defendants were charged with, and pleaded no contest to, possessing marijuana in violation of § 161.41(3r), STATS., which makes the potential penalty a fine of "not more than $1,000" or incarceration "for not more than 6 months or both"

[2] Section 161.41(3), STATS., reads in full as follows:

Except as provided in subs. (3m), (3n), (3p) and (3r), it is unlawful for any person to possess or attempt to possess a controlled substance, other than a controlled substance classified in schedule I or II that is a narcotic drug, unless the substance was obtained directly from, or pursuant to a valid prescription or order of, a practitioner while acting in the course of his or her professional practice, or except as otherwise authorized by this chapter. Any person who violates this subsection is guilty of a misdemeanor, punishable under s. 939.61.

Section 939.61, STATS., provides:

**Penalty when none expressed. (1)** If a person is convicted of an act or omission prohibited by statute and for which no penalty is expressed, the person shall be subject to a forfeiture not to exceed $200.

**(2)** If a person is convicted of a misdemeanor under state law for which no penalty is expressed, the person may be fined not more than $500 or imprisoned not more than 30 days or both.

**(3)** Common law penalties are abolished.

rather than the penalties imposed by § 161.41(3) *via* § 939.61, STATS.—a fine of "not more than $500" or incarceration for "not more than 30 days or both."[3]

■

We must, of course, apply statutes so that every word and clause is "given effect." *Donaldson v. State*, 93 Wis. 2d 306, 315, 286 N.W.2d 817, 821 (1980). The unambiguous reference to § 161.41(3) in § 161.47(1), STATS., the statute that permits trial courts to defer proceedings, means that proceedings may only be deferred for those convicted of crimes encompassed by § 161.41(3), which expressly excludes subsection (3r). The defendants pled no contest to the possession of marijuana made unlawful by § 161.41(3r). Accordingly, deferral under § 161.47 was not permitted.[4]

---

[3] Section 161.41(3r), STATS., reads in full as follows:

> It is unlawful for any person to possess or attempt to possess tetrahydrocannabinols, listed at s. 161.14 (4) (t), unless it was obtained directly from, or pursuant to a valid prescription or order of, a practitioner while acting in the course of his or her professional practice, or except as otherwise authorized by this chapter. Any person who violates this subsection may be fined not more than $1,000 or imprisoned for not more than 6 months or both.

[4] In an "argument" presented in one sentence, the defendants assert, without citation to authority, that if § 161.47, STATS., does not apply to them, "there is an equal protection under the law problem that will arise." Arguments in appellate briefs must be supported by authority, RULE 809.19(1)(e) & (3) (a), STATS., and we need not consider arguments that do not comply, *see State v. Pettit*, 171 Wis. 2d 627, 646-647, 492 N.W.2d 633, 642 (Ct. App. 1992) (appellate court may decline to address issues that are inadequately briefed; arguments that are not supported by legal authority will not be considered). We thus do not address any alleged equal-protection issue.

*By the Court.*—Order reversed.